COMMONWEALTH *vs.* WILLIAM STEVENS.

Essex. November 5, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Sale on Sunday — Evidence.*

At the trial, on appeal, of a complaint for an illegal sale of intoxicating liquor on Sunday, evidence tending to show that the defendant was in his bar-room on that day, that a person under the influence of liquor went into the bar-room at the time, and after ten or fifteen minutes came out with a bottle full of whiskey in his pocket, that this person was a witness for the government at the trial in the court below, and that the defendant kept him out of the way so that he could not be had as a witness at the trial in the appellate court, is sufficient evidence of a sale to such person to be submitted to the jury.

COMPLAINT to the Police Court of Newburyport for an unlawful sale of intoxicating liquor on Sunday, October 21, 1888, to Martin Conley. Trial in the Superior Court, on appeal, before *Staples*, J., who refused to rule that there was no evidence sufficient to be submitted to the jury, and, after a verdict of guilty, allowed a bill of exceptions, which, so far as material to the point decided, appears in the opinion.

*H. I. Bartlett*, for the defendant.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. There was evidence tending to show that the defendant was in his bar-room on the Sunday in question; that Conley, being under the influence of liquor, went into the bar-room while the defendant was there, and after ten or fifteen minutes came out with a bottle full of whiskey in his pocket; that Conley was a witness for the government at the trial in the court below; and that the defendant kept Conley out of the way, so that he could not be had as a witness at the trial in the Superior Court.

The court properly refused to rule that there was not sufficient evidence of a sale to Conley to submit to the jury.

*Exceptions overruled.*